# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-7102-GW(MANx) | Date | December 6, 2010 |
| Title | Jan Emanuel v. Federal Deposit Insurance Corporation, et al. | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jan Emanuel, in pro per | Leslie T. Riasanovsky |

**PROCEEDINGS:**   **MOTION BY FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF INDYMAC FEDERAL BANK TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (filed 10/20/10)**

The Court's tentative ruling is circulated and attached hereto.

Plantiff, in pro per, advises the Court that she is in the process of obtaining new counsel. The Court continues the Motion by Federal Deposit Insurance Corporation, as Receiver of Indymac Federal Bank to Dismiss or, in the Alternative, for Summary Judgment, to **January 6, 2011 at 8:30 a.m.**

The Scheduling Conference, presently set for December 16, 2010, is continued to **January 6, 2011 at 8:30 a.m.**

:   08

Initials of Preparer   JG

***Emanuel v. Indymac***, Case No. CV-10-7102
    Ruling on Motion to Dismiss

    Before the Court is Defendant Federal Deposit Insurance Company's ("FDIC's") unopposed motion to dismiss or, alternatively, for summary judgment. Plaintiff filed this action alleging a single cause of action for breach of fiduciary duty against Defendant Indymac Federal Bank ("Indymac") in Los Angeles Superior Court on April 17, 2009. Prior to the date of filing, Indymac had failed as a bank and the FDIC was appointed as a receiver. Nevertheless, on September 15, 2009, the state court entered Indymac's default; and, on January 8, 2010, that court entered judgment against Indymac in the amount of $45,320. On July 28, 2010, the state court granted the FDIC's motion to vacate the default and default judgment against Indymac and to substitute the FDIC in place of Indymac. On September 23, 2010, the FDIC removed the action to federal court.
    The FDIC was appointed the receiver for IndyMac on July 11, 2008. See Doc. No. 1 (Notice of Removal). On November 12, 2009, the Board of Directors for the FDIC made a formal "Determination that Insufficient Assets Exist to Make Distribution on General Unsecured Claims." The FDIC published this worthlessness determination in the federal register. See Riasonovsky Decl., Exh. 6; 74 Fed. Reg. 59,540-01 (November 18, 2009).
    The FDIC moves to dismiss this case pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rule of Civil Procedure and the provisions of the Federal Deposit Insurance Act, as amended by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), codified at 12 U.S.C. § 1811 et seq., and applicable laws interpreting the statute.
    The case should be dismissed on the ground of lack of subject matter jurisdiction for at least two reasons. As the FDIC notes, subject matter jurisdiction appears to be lacking because of Plaintiff's apparent failure to comply with the administrative claims process set forth in 12 U.S.C. §1821(d). See, e.g., Henderson v. Bank of New England, 986 F.2d 319, 321(9th Cir. 1993) (citing cases). The case should also be dismissed at least on prudential mootness grounds, if not for actual mootness.
    Due to the FDIC's worthlessness determination, even if the Plaintiff were to succeed on his claims for monetary relief, the FDIC as Receiver would have no assets to satisfy a judgment. Plaintiff therefore cannot satisfy Article III's requirement that Plaintiff "must have suffered some actual injury that can be redressed by a favorable judicial decision." See Henrichs v. Valley Ciew Development, 474 F.3d 609, 615 (9th Cir. 2007) (citation and internal quotes omitted). In Henrichs, the Ninth Circuit held that where a receivership had distributed all of the failed bank's assets and no assets remain in the receivership to satisfy a late-filed claim, the claim moot. Id. In doing so, it expressly relied upon FDIC v. Kooyomjian, 220 F.3d 10, 15 (1st Cir. 2000), in which a First Circuit panel held that a claim against a failed bank was moot when the FDIC had determined there were no assets with which to satisfy the claim. See id. Thus, it is somewhat clear that, under the applicable case law, the Court must find that Plaintiff cannot satisfy Article III's redressabilty requirement.
    Even if the Court were to somehow conclude that Plaintiff has standing under Article III,

the case should be dismissed under the doctrine of "prudential mootness." Although the Ninth Circuit has never adopted or rejected this doctrine, in Hunt v. Imperial Merchant Services, Inc., 560 F.3d 1137 (9th Cir. 2009), the court observed in dicta that "[p]erhaps some cases that are 'anticipatorily moot' might permissibly be dismissed [based on the] doctrine of 'prudential mootness,' adopted by some of our sister circuits, under which a court can dismiss an appeal not technically moot if circumstances [have] changed since the beginning of litigation that forestall any occasion for meaningful relief.'" Id. (quoting S. Utah Wilderness Alliance v. Smith, 110 F.3d 724, 727 (10th Cir. 1997). Here, the case is not merely "anticipatorily moot" but is now actually moot based on the FDIC's determination of worthlessness.

    Plaintiff has not filed an Opposition to the motion to dismiss. Plaintiff's response to the instant motion was due not later than 21 days before the date designated for the hearing of the motion. See L.R. 7-9. Pursuant to Local Rule 7-12, Plaintiff's failure to file an Opposition may be deemed consent to the granting of the relief sought. See L.R. 7-12; Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). FDIC's Motion to Dismiss would be granted on this basis, and on its merits.